## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6410 | **DATE** | November 26, 2007 |
| **CASE TITLE** | Cornell Vinegar (#A-70723) vs. Officer Masterson | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.28 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Western Illinois Correctional Center. The clerk is directed to issue summons for service on the defendant by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, an officer at the Cook County Jail, violated the plaintiff's constitutional rights by using unjustified force against him and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that the defendant brutally assaulted him when the plaintiff complained of being wakened from his sleep; he additionally claims that he was denied medical attention for his injuries.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.28. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

**STATEMENT (continued)**

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). Furthermore, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). While a more fully developed record may belie the plaintiff's allegations, the defendant must respond to the complaint.

The clerk shall issue summons forthwith. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If the defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for appointment of counsel is denied. The plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

Finally, the court notes that the plaintiff has made a material misstatement to the court. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 3, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED,
**(CONTINUED)**

**STATEMENT (continued)**

YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

Despite the court's admonition, the plaintiff wrote "NONE," failing to mention his three prior federal cases. The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will grant the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. However, the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Future misrepresentations to the court could lead to the imposition of sanctions, including dismissal of his case.

*Charles P. Kocoras*
U.S. District Judge