IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cornell Vinegar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 6410 |
| | ) | |
| Cook County Deputy Sheriff Masterson, | ) | Judge Kocoras |
| | ) | Magistrate Judge Nolan |
| Defendant. | ) | |
| | ) | JURY TRIAL DEMANDED |

## ANSWER

NOW COMES THE DEFENDANT, Cook County Correctional Officer Masterson by and through his attorney, Richard A. Devine, through his assistant, Steven L. Satter, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, present the following Answer to Plaintiff's Complaint:

1. On the date of 8/28/07 I Cornell Vinegar was assaulted by Officer Masterson a Cook County Department of Correctional Sheriff.

**Answer:** Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Well on the above date Officer "Masterson" was making a head count of the Detainees on 1-D of the Cook County Jail.

**Answer:** Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. At which time I was awaken by Mr. Masterson just to move to see I was alive.

**Answer:** Defendant denies the allegations contained in paragraph 3 of Plaintiff's

Complaint.

4. I had gotten a little upset to be awaken out of my sleep just to move.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of Plaintiff's Complaint.

5. At which time I said something like you see I'm sleeping, how can I move for your count if I'm sleeping in a matter that he didn't like!

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5 of Plaintiff's Complaint.

6. Officer Masterson than started to tell this detainee to shut the "fuck up" and then he said if I didn't like it bond the fuck out!

**Answer:** Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. I looked at him like unbelievable – he then came into the cell and told me to get up and come out of the cell.

**Answer:** Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. I then was taken into the hallway and I was slapped around was told to put my hands behind my back and place my fore-head against the wall.

**Answer:** Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. I was then punched in my sides and had my fore-head banged against the wall three to four times until I almost passed out.

**Answer:** Defendant denies the allegations contained in paragraph 9 of Plaintiff's

Complaint.

10. I then was told by Mr. Masterson that if he wanted any more shit out of me he would squeeze my head at which time I had become swollen with knots.

**Answer:** Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. I was returned to my cell.

**Answer:** Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. A short time later, officer "Masterson" came back with two other officers looking into the cell and started to laugh at the knots on my head.

**Answer:** Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. That's when I asked one of the officers for medical attention and they refused!

**Answer:** Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. The next morning I asked the 7 to 3 shift officer a medical attention and he refused as well.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of Plaintiff's Complaint.

**WHEREFORE,** based upon the foregoing, Defendant Officer Masterson, respectfully requests that this Honorable Court grant judgment in his favor and against the Plaintiff on all aspects of their Complaint and further request that this Honorable Court grant him fees, costs, and such other relief that this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

Defendant, by and through his undersigned attorneys plead the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies and his claims are therefore barred.

3. Defendant is immune from suit pursuant to Illinois state law as well as applicable federal law.

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

5. The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

## **JURY DEMAND**

Defendant, Officer Masterson respectfully demands trial by jury.

                Respectfully submitted,

                RICHARD A. DEVINE
                COOK COUNTY STATE'S ATTORNEY

By:   /s/ Steven L. Satter
       Steven L. Satter
       Assistant State's Attorney


Steven L. Satter
Assistant State's Attorney
Id. No.: 6243813
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5105